**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHAND NAHER,

             Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

             Respondent.

No. 08-71833

Agency No. A098-539-904

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Chand Naher, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order affirming an immigration judge's ("IJ") decision

denying his application for asylum, withholding of removal, and protection under

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we grant the petition for review and remand for further proceedings.

Substantial evidence does not support the agency's finding that Naher lacked credibility because his father's name was misspelled on his voter identification card, where he provided a reasonable explanation and included several other documents with the correct spelling. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir. 2000) ("discrepancy . . . capable of being attributed to a typographical or clerical error . . . cannot form the basis of an adverse credibility finding"); *see also Kaur v. Ashcroft*, 379 F.3d 876, 886-87 (9th Cir. 2004) (discussing petitioner's argument that a "phonetic transliteration of a Punjabi name "has many spellings in English, each of which are interchangeably acceptable as the same word or name").

The agency also found Naher not credible, in part, because of alleged inconsistencies between Naher's statements to the asylum officer and his testimony at his immigration hearing. We note that the government did not submit any notes or record of Naher's interview with the asylum officer. Naher was not provided with an opportunity to explain or clarify the perceived inconsistency within his testimony about whether he told the asylum officer about voter irregularities, *see*

*Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009); *see also Quan v. Gonzales*, 428 F.3d 883, 886 (9th Cir. 2005) (explaining that an applicant must be given an opportunity to clarify unclear testimony). The remainder of these findings are not supported by substantial evidence because they either do not go to the heart of the claim, *see Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir. 2002), or are based on perceived inconsistencies between his testimony and statements made to the asylum officer which Naher did not clearly concede, *see Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005).

The remaining alleged inconsistencies the agency relied upon either are minor and do not go to the heart of Naher's claim, or are based on speculation. *See Li v. Holder*, 559 F.3d 1096, 1102-03 (9th Cir. 2009).

Accordingly, we grant the petition for review and remand for the agency to consider Naher's claims with respect to asylum, withholding of removal and CAT, taking his testimony as true. *See Soto-Olarte*, 555 F.3d at 1093-96; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**